TOOKER v. FOWLER & SELLARS CO.

(Supreme Court, Appellate Division, Second Department.   November 28, 1911.)

1. APPEAL AND ERROR (§ 927*)—REVIEW—DISMISSAL—INFERENCES.
    On appeal from a nonsuit, plaintiff is entitled to the most favorable inferences which a jury might properly have drawn from his evidence.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3748; Dec. Dig. § 927.*]

2. MUNICIPAL CORPORATIONS (§ 705*)—USE OF STREET—LIABILITY FOR NEGLIGENT USE—CARE REQUIRED.
    The wheels of defendant's delivery wagon, which was carrying a ladder, struck a car track and slipped, so that the end of the ladder was caught by an automobile, so as to throw defendant's driver to the ground, and frighten his horse, which ran away and collided with plaintiff's vehicle. Held, that defendant's driver could not have anticipated that his wheels would slip upon the track, so that the ladder would be caught by the passing automobile, and hence that defendant was not liable.
    [Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 705.*]

3. MUNICIPAL CORPORATIONS (§ 705*)—USE OF STREET—CARE ON BEING OVERTAKEN.
    Under Highway Law (Laws 1910, c. 374) § 286, subd. 3, a horse or vehicle, on being overtaken by an automobile, shall "as soon as practicable turn to the right, so as to allow free passage on the left," such driver is not bound to go over to the extreme right-hand side of the highway, where there was a free passage on the left.
    [Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 705.*]

Appeal from Westchester County Court.

Action by Joseph D. Tooker against the Fowler & Sellars Company. Judgment for defendant, and plaintiff appeals. Affirmed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before JENKS, P. J., and BURR, THOMAS, WOOD-WARD, and RICH, JJ.

Ambrose F. McCabe, for appellant.
William L. Rumsey, for respondent.

WOODWARD, J. [1] The plaintiff has been nonsuited, and is, of course, entitled to the most favorable inferences which a jury might properly have drawn in the consideration of this appeal. The plaintiff's own statement of the case is substantially that he had left his horse, hitched to a light runabout, tied to a telegraph pole in Gorham Place, a private road in the village of White Plains, on the morning of May 25, 1910; that the horse was about 200 feet west of the post road running from Scarsdale to White Plains. While the horse was in this position, with the runabout standing close up to the curb, the defendant's horse, attached to a delivery wagon and unattended by a driver, turned into Gorham Place from the post road and crashed into the plaintiff's vehicle, doing the damages for which the plaintiff seeks to recover. It appears from the testimony that the defendant's horse, attached to the delivery wagon, and in the custody of a driver whose general competency is not questioned, was being driven along the post road in the usual course of duty; that the delivery wagon had a ladder on board which projected some distance beyond the rear of the wagon; that the wagon was going north, near a point where a line of street surface railroad makes a curve from the side of the roadway to the center thereof; that an automobile came up in the rear of the defendant's delivery wagon, blowing its horn; that the wagon kept straight forward upon its course upon the wide street, and near the center thereof, and that the automobile was in the act of passing the wagon, the distance between the easterly or right-hand side of the automobile and the westerly or left-hand side of the wagon being from 6 to 9 feet. Just as the automobile, which was running about 12 miles an hour, was passing the defendant's wagon, the wheels of the latter struck the track of the surface railroad and slewed, deflecting the rear end of the wagon sufficiently to throw the end of the projecting ladder into the side door of the passing automobile in such a manner that defendant's driver was thrown from his seat by the impact and fell to the ground, his horse became frightened and got beyond the driver's control and ran away, and the runaway horse collided with the plaintiff's vehicle, as we have already pointed out. The learned trial court dismissed the complaint, upon the ground that the plaintiff had failed to show negligence in the defendant, and from the judgment appeal comes to this court.

[2] From the photograph in evidence in the case it appears that the curve line of the street railroad track was on a practical level with the surrounding street. It must be presumed that the highway was in a reasonably safe condition, and unless it was the duty of the defendant's driver to anticipate that his wheels would slip upon this railroad track, and throw the rear end of his wagon around, so that the overhanging ladder would come into contact with the approaching automobile, though there was a space of from 6 to 9 feet between

the nearest sides of both vehicles, there is no ground of negligence shown in the evidence.

[3] We are clearly of the opinion that no such degree of care was required of the driver of the defendant's vehicle. He was not bound to go over on the extreme right-hand side of the highway. The rule of the road merely requires that the rider or driver of a horse or vehicle, on being overtaken by an automobile, shall, "as soon as practicable, turn to the right so as to allow free passage on the left." Section 286, subd. 3, Highway Law (chapter 374, Laws 1910). There was a free passage on the left, which concededly left from 6 to 9 feet between the two vehicles, and the automobile had nearly passed the defendant's vehicle when the slip came. Such a conjunction of circumstances would not occur in the natural course of events once in 10,000 times, and to say that it was the duty of defendant's driver to anticipate this accident, and to avoid it by going farther over out of the way of the automobile, is to make the defendant liable as an insurer, rather than as one charged with the duty of exercising reasonable care.

The judgment appealed from should be affirmed, with costs. All concur.